UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

PHILIP B. MORTON III,

    Plaintiff,

v.

NANCY A BERRYHILL, Deputy Commissioner of Social Security for Operations,

    Defendant.

CASE NO. 2:17-CV-01703-DWC

ORDER REVERSING AND REMANDING DEFENDANT'S DECISION TO DENY BENEFITS

Plaintiff filed this action, pursuant to 42 U.S.C. § 405(g), for judicial review of Defendant's denial of Plaintiff's applications for supplemental security income ("SSI") and disability insurance benefits ("DIB"). Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73, and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. *See* Dkt. 3.

After considering the record, the Court concludes the Administrative Law Judge ("ALJ") erred when she failed to properly consider medical opinion evidence from Dr. Todd A. Curtis, M.D., and Dr. Richard W. Washburn, Ph.D. Had the ALJ properly considered these opinions, the

residual functional capacity ("RFC") may have included additional limitations. The ALJ's error is therefore not harmless, and this matter is reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) to the Deputy Commissioner of Social Security for Operations ("Commissioner") for further proceedings consistent with this Order.

## FACTUAL AND PROCEDURAL HISTORY

On November 13, 2013, Plaintiff filed applications for SSI and DIB, alleging disability as of September 8, 2012. *See* Dkt. 6, Administrative Record ("AR") 26. The applications were denied upon initial administrative review and on reconsideration. *See* AR 26. ALJ Ilene Sloan held a hearing in this matter on December 14, 2015.[1] AR 98-139. In a decision dated May 4, 2016, the ALJ determined Plaintiff to be not disabled. AR 23-49. The Appeals Council denied Plaintiff's request for review of the ALJ's decision, making the ALJ's decision the final decision of the Commissioner. *See* AR 1-7; 20 C.F.R. § 404.981, § 416.1481.

In Plaintiff's Opening Brief, Plaintiff maintains the ALJ erred by: (1) failing to properly consider medical opinion evidence from Dr. Curtis; Dr. Washburn; Dr. Jason H. Thompson, M.D.; Dr. Ryan Bierman, DPM; Dr. Dan Donahue, Ph.D.; and Dr. Jan L. Lewis, Ph.D.; (2) failing to provide specific, clear and convincing reasons to reject Plaintiff's subjective symptom testimony; and (3) providing an RFC and Step Five which were not supported by substantial evidence in the record. Dkt. 10, pp. 3-24. Plaintiff requests an award of benefits as a result of the ALJ's alleged errors. *Id.* at 24-25.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by

---

[1] The ALJ previously held a hearing on June 10, 2015, but continued that hearing for it to be held at a later date. *See* AR 87-97, 100.

substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

DISCUSSION

**I.      Whether the ALJ properly considered the medical opinion evidence.**

Plaintiff first alleges the ALJ failed to properly consider medical opinion evidence from Drs. Curtis, Washburn, Thompson, Bierman, Donahue, and Lewis. Dkt. 10, pp. 3-11, 15-16.

An ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995) (citing *Pitzer v. Sullivan*, 908 F.2d 502, 506 (9th Cir. 1990)); *Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988)). When a treating or examining physician's opinion is contradicted, the opinion can be rejected "for specific and legitimate reasons that are supported by substantial evidence in the record." *Lester*, 81 F.3d at 830-31 (citing *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995); *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)). The ALJ can accomplish this by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating [her] interpretation thereof, and making findings." *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) (citing *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989)).

A.  Dr. Curtis

Plaintiff maintains the ALJ failed to provide legally sufficient reasons to reject two medical opinions from treating physician Dr. Curtis – a letter dated May 13, 2015 ("May opinion"), and a Lumbar Spine Medical Source Statement dated June 8, 2015 ("June opinion"). Dkt. 10, pp. 3-5.

1. *May 2015 Opinion*

On May 13, 2015, Dr. Curtis wrote a letter in which he stated Plaintiff has experienced "chronic back pain for several years." AR 688. Dr. Curtis Plaintiff determined Plaintiff was "physically unable to perform his previous line of work." AR 688. Dr. Curtis also wrote Plaintiff has "challenges with reading and spelling which prevents [sic] him from getting less physically demanding work." AR 688.

The ALJ gave part of Dr. Curtis's May opinion "little weight," explaining:

> Dr. Curtis opines that the claimant is physically unable to perform his previous line of work due to pain. While I agree with this portion of his opinion as it is supported by the medical and vocational evidence, Dr. Curtis goes on to opined [sic] that the claimant's challenges with reading and spelling prevent him from getting less physically demanding work. Dr. Curtis is not a vocational expert, and this conclusion is well outside the area of his expertise. While the record supports a finding that the claimant could not return to heavy labor, his treating orthopedist has repeatedly found that he could do less exertionally demanding work. Contrary to Dr. Curtis' statement, the vocational expert at the hearing identified several light exertional job [sic] that were unskilled and did not require the claimant to read, do math, or write. Accordingly, I find that Dr. Curtis' opinion is conclusory and based on an erroneous assumption that is outside the area of his expertise as a medical doctor.

AR 39 (internal citations omitted).

The ALJ rejected the part of Dr. Curtis's May opinion regarding Plaintiff's challenges with reading and spelling because it was conclusory. AR 39. An ALJ need not accept a treating physician's opinion if the opinion is "conclusory, brief, and unsupported by the record as a whole." *Batson v. Comm'r of Soc. Sec. Admin*, 359 F.3d 1190, 1195 (9th Cir. 2004). In this case, Dr. Curtis provided only a conclusory statement that Plaintiff's challenges with reading and spelling prevent him from performing some types of work. *See* AR 688. Further, Plaintiff does not cite, nor does the Court find, any treatment notes in the record from Dr. Curtis supporting his

finding about Plaintiff's reading and spelling challenges. Therefore, this was a specific, legitimate reason to reject Dr. Curtis's May opinion.[2]

In any event, as explained below, since the ALJ erred in her assessment of Dr. Curtis's June opinion, the ALJ is directed to re-evaluate Dr. Curtis's May opinion as necessary on remand, in light of her reconsideration of Dr. Curtis's June opinion.

2. *June 2015 Opinion*

On June 8, 2015, Dr. Curtis provided a Lumbar Spine Medical Source Statement regarding Plaintiff's physical impairments and limitations. AR 1139-43. In relevant part, Dr. Curtis wrote he had been seeing Plaintiff since October 29, 2014 for monthly appointments. AR 1139. Dr. Curtis determined Plaintiff has a diagnosis of "chronic low back pain with intermittent radiation of pain down left leg." AR 1139. Additionally, Dr. Curtis wrote Plaintiff's prognosis was "guarded," as Plaintiff was "unlikely to show significant improvement." AR 1139. Dr. Curtis identified an MRI from November 10, 2014, as imaging supporting Plaintiff's impairments. AR 1139.

Dr. Curtis opined Plaintiff could walk 1-2 city blocks without rest or severe pain. AR 1140. Dr. Curtis also determined Plaintiff could sit for 20-30 minutes, and stand for 20-30 minutes, at one time. AR 1140. Moreover, Dr. Curtis wrote that, "total in an 8-hour working day," Plaintiff could sit for about 2 hours and stand/walk for about 2 hours, "as long as he is able to change positions frequently." AR 1140. Dr. Curtis likewise found Plaintiff needed a job that permitted him to shift positions at will from sitting, standing, or walking. AR 1140. Further, Dr.

---

[2] While the ALJ provided another reason to discount Dr. Curtis's May opinion, the Court declines to consider whether this reason was legally sufficient, as any error would be harmless. See AR 39; *Presley-Carrillo v. Berryhill*, 692 Fed.Appx. 941, 944-45 (9th Cir. 2017) (citing *Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008)) (finding that although an ALJ erred on one reason he gave to discount a medical opinion, "this error was harmless because the reason gave a reason supported by the record" to discount the opinion).

Curtis opined Plaintiff needed to walk for 10 minutes every 20-30 minutes during an 8-hour work day. AR 1141. Dr. Curtis determined Plaintiff could occasionally lift and carry 20 pounds, and never or rarely lift and carry 50 pounds. AR 1141. Dr. Curtis limited Plaintiff to rarely twisting, never stooping/bending, and occasionally crouching/squatting, climbing ladders, and climbing stairs. AR 1141.

Moreover, Dr. Curtis opined Plaintiff was capable of handling moderate stress levels. AR 1142. When asked to estimate, on average, how many days per month Plaintiff would likely be absent from work due to his impairments or treatment, Dr. Curtis wrote Plaintiff would be absent more than four days per month. AR 1142. Next to this answer, Dr. Curtis wrote this absence limitation was "estimated by" Plaintiff. AR 1142.

On November 12, 2015, Dr. Curtis wrote an "addendum" to the bottom of the June 2015 opinion form. AR 1143. Dr. Curtis stated he had not seen Plaintiff since completing the paperwork "and therefore ha[d] no changes or additions to make." AR 1143.

The ALJ gave Dr. Curtis's June opinion "little weight" for four reasons:

> (1) [Dr. Curtis] opined that the claimant would miss more than four days of work per month, though notes that this is based on the claimant's own statements. It is unclear how much of the remainder of Dr. Curtis' statement is based primarily on the claimant's statements. (2) Notably, when asked if the claimant was a malingerer, Dr. Curtis just notes the word "subjective" and does not answer the question on the form. (3) The limitations opined by Dr. Curtis appear inconsistent with his letter the month prior indicating that the claimant was only limited from less exertional work due to his minimal education. (4) Furthermore, the limitations he opines appear heavily based on the claimant's self-reporting and are inconsistent with the treatment records, particularly those from the pain clinic showing that the claimant reported nearly full functional activity levels with medication.

AR 39 (internal citations omitted) (numbering added).

First, the ALJ discounted Dr. Curtis's June opinion because Dr. Curtis wrote the opined absence limitation was based on Plaintiff's "own statements," and the ALJ found it "unclear how

much of the remainder" of Dr. Curtis's opinion was based on Plaintiff's statements. AR 39. An ALJ may reject a physician's opinion "if it is based to a large extent on a claimant's self-reports that have been properly discounted as incredible." *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008) (citation and internal quotation marks omitted). Regardless, an ALJ's reasoning must be supported by substantial evidence in the record as a whole. *Bayliss*, 427 F.3d at 1214 n.1.

In this case, the ALJ accurately wrote Dr. Curtis noted the opined absence limitation was "estimated by" Plaintiff. *See* AR 1142. However, Dr. Curtis wrote this note directly next to the box he checked indicating Plaintiff would miss more than four days of work per month. *See* AR 1142. Because Dr. Curtis's note corresponds to this particular question, the ALJ's statement that it was "unclear how much of the remainder" of Dr. Curtis's opinion was based on Plaintiff's reports is not supported by substantial evidence in the record. Therefore, this reason is insufficient to discount Dr. Curtis's entire June opinion.

Second, the ALJ discounted Dr. Curtis's June opinion because Dr. Curtis, in response to whether Plaintiff is "a malingerer," wrote the word "subjective" and did not answer the question. AR 39. An ALJ cannot reject a physician's opinion in a vague or conclusory manner. *See Garrison v. Colvin*, 759 F.3d 995, 1012-13 (9th Cir. 2014) (citing *Nguyen v. Chater*, 100 F.3d 1462, 1464 (9th Cir. 1996)); *Embrey*, 849 F.2d at 421-22. Rather, the ALJ "must set forth [her] own interpretations and explain why they, rather than the doctors', are correct." *Embrey*, 849 F.2d at 421-22.

Here, the ALJ failed to explain how Dr. Curtis writing the word "subjective" and not answering this question undermined his June opinion. *See* AR 39. Instead, the ALJ "merely states" these facts "point toward an adverse conclusion" but "makes no effort to relate any of

these" facts to "the specific medical opinions and findings [she] rejects." *Embrey,* 849 F.2d at 421. "This approach is inadequate." *Id.* Without more, this was not a specific, legitimate reason, supported by substantial evidence in the record, to discount Dr. Curtis's June opinion. *See Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015) ("the agency [must] set forth the reasoning behind its decisions in a way that allows for meaningful review").

Third, the ALJ rejected Dr. Curtis's June opinion because she found it "appear[ed] inconsistent" with the May opinion. AR 39. Yet the ALJ failed to explain how the May and June opinions are inconsistent with one another; while the ALJ stated Dr. Curtis indicated in the May opinion that Plaintiff was "only limited from less exertional work due to his minimal education," the ALJ failed to explain what about this opinion contradicts Dr. Curtis's June opinion. *See* AR 39. Accordingly, this was not a specific, legitimate reason to reject this opinion. *See McAllister v. Sullivan*, 888 F.2d 599, 602 (9th Cir. 1989) (an ALJ's rejection of a physician's opinion on the ground that it was contrary to the record was "broad and vague, failing to specify why the ALJ felt the treating physician's opinion was flawed").

Further, substantial evidence does not support the ALJ's finding that the May and June opinions are inconsistent with one another. The Court notes the ALJ misstated Dr. Curtis's May opinion. Dr. Curtis did not state Plaintiff was "*only* limited . . . due to his *minimal education.*" *See* AR 39 (emphasis added). Rather, Dr. Curtis opined Plaintiff was limited from "less physically demanding work" due to his "challenges with *reading and spelling*." AR 688. Moreover, the May and June opinions are not necessarily inconsistent with one another. While Dr. Curtis wrote in the May opinion about Plaintiff's "challenges with reading and spelling," Dr. Curtis's June opinion provides information about Plaintiff's physical impairments and limitations. *Compare* AR 688 (May opinion) *with* AR 1139-43 (June opinion). Hence, the June

opinion does not provide any information necessarily contradicting the May opinion. *See* AR 688, 1139-43. Because the substance of the May and June opinions are not necessarily inconsistent with one another, the ALJ's third reason for discounting Dr. Curtis's June opinion was not supported by substantial evidence in the record.

Fourth, the ALJ discounted Dr. Curtis's June opinion because the ALJ found the opinion appeared "heavily based" on Plaintiff's self-reports and was "inconsistent with treatment records, particularly those from the pain clinic[.]" AR 39. This reasoning contains multiple errors. As stated above, an ALJ may discount a physician's opinion if it is based to a large extent on a claimant's properly discounted self-reports. *Tommasetti*, 533 F.3d at 1041 (citation omitted). An ALJ may also discount an opinion which is inadequately supported by, or inconsistent with, the record. *See Batson*, 359 F.3d at 1195. However, a conclusory finding by the ALJ is insufficient to reject an opinion. *See Embrey*, 849 F.2d at 421-22.

In this case, the ALJ did not explain why she found Dr. Curtis's June opinion appeared based on Plaintiff's self-reports. *See* AR 39. The ALJ similarly failed to explain how the pain clinic treatment records undermine Dr. Curtis's findings. *See* AR 39. As such, the ALJ's fourth reason failed to meet the level of specificity required to reject Dr. Curtis's June opinion. *See Treichler v. Comm'r of Soc. Sec. Admin.,* 775 F.3d 1090, 1103 (9th Cir. 2014) (citation omitted) ("the ALJ must provide some reasoning in order for us to meaningfully determine whether the ALJ's conclusions were supported by substantial evidence").

Moreover, the ALJ's assertion that Dr. Curtis's June opinion appeared based on Plaintiff's self-reports was not supported by substantial evidence in the record. Medical imaging studies examinations and physical examinations are objective medical evidence which may support a physician's opinion. *See Kauffman v. Berryhill*, 686 Fed. Appx. 517, 519 (9th Cir.

2017). Here, Dr. Curtis noted in the June opinion that an MRI from November 10, 2014 showed Plaintiff's impairments. AR 1139. Dr. Curtis additionally wrote in the June opinion that Plaintiff exhibited several positive objective signs, including reduced flexion of the lumbar spine; positive supine straight leg test (left leg at 30 degrees); muscle spasm; abnormal gait (antalgic); sensory loss; tenderness; and impaired sleep. AR 1140. Hence, the ALJ's statement that Dr. Curtis's opinion appears heavily based on Plaintiff's self-reports was not supported by substantial evidence in the record, as it fails to consider the opinion's underlying objective medical findings.[3] *See Kauffman*, 686 Fed. Appx. at 519 (holding that, contrary to the ALJ's finding, a physician's opinions "were indeed based on and supported by objective medical evidence," including x-rays and the physician's own physical examination).

Furthermore, an ALJ cannot discount a treating source's opinion for being unsupported by the record where the opinion is supported by the source's own treatment notes contained in the record. *See Burrell v. Colvin*, 775 F.3d 1133, 1140 (9th Cir. 2014). Although the ALJ in this case maintained Dr. Curtis's June opinion was "inconsistent with the treatment records," the ALJ's statement overlooked Dr. Curtis's own relevant treatment notes. *See, e.g.*, AR 1246 (examination revealed range of motion limited in flexion, extension, and rotation; positive straight leg raise; breakthrough weakness in all major muscle groups of left lower extremity); 1247 (range of motion limited in flexion and extension; positive straight leg raise; breakaway weakness in all muscles of left leg with confrontation testing; decreased fine sensation

---

[3] Defendant argues the ALJ properly determined Dr. Curtis's opinion was based on Plaintiff's self-reports because Plaintiff testified at the hearing that he told Dr. Curtis what he could do. Dkt. 16, p. 10 (citing AR 114). But Defendant's argument fails to consider that Plaintiff also testified Dr. Curtis "did studies" on him. AR 114-15. Further, the ALJ did not reference this hearing testimony in rejecting Dr. Curtis's opinion. *See* AR 39. Thus, Defendant's post hoc rationalization is unpersuasive. *See Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1225-26 (9th Cir. 2009) (emphasis in original) (citations omitted) ("Long-standing principles of administrative law require us to review the ALJ's decision based on the reasoning and actual findings offered by the ALJ – not *post hoc* rationalizations that attempt to intuit what the adjudicator may have been thinking.")

throughout left leg); 1255 (range of motion limited in flexion and extension; antalgic gait). Thus, the ALJ's reasoning erroneously overlooked Dr. Curtis's supporting treatment notes. *See Burrell*, 775 F.3d at 1140 (ALJ erred in finding a treating source's opinion was supported by "little explanation," as the ALJ "overlook[ed] nearly a dozen" relevant treatment notes).

Likewise, by rejecting Dr. Curtis's June opinion in favor of the pain clinic records, the ALJ gave greater weight to these records without explanation as to why they were more persuasive than Dr. Curtis. *See Garrison*, 759 F.3d at 1012 (citing *Nguyen*, 100 F.3d at 1464) ("Where an ALJ does not . . . set forth specific, legitimate reasons for crediting one medical opinion over another, [she] errs."). Therefore, in all, the ALJ's fourth reason for rejecting Dr. Curtis's June opinion was legally insufficient because it was conclusory, overlooked objective evidence – including Dr. Curtis's own treatment notes – supporting the opinion, and gave preference to the panic clinic records over Dr. Curtis's opinion without explanation.

For the above stated reasons, the Court concludes the ALJ failed to provide any specific, legitimate reason, supported by substantial evidence, for discounting Dr. Curtis's June opinion. Accordingly, the ALJ erred.

Harmless error principles apply in the Social Security context. *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012). An error is harmless only if it is not prejudicial to the claimant or "inconsequential" to the ALJ's "ultimate nondisability determination." *Stout v. Comm'r of Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006); *see also Molina*, 674 F.3d at 1115. The determination as to whether an error is harmless requires a "case-specific application of judgment" by the reviewing court, based on an examination of the record made "'without regard to errors' that do not affect the parties' 'substantial rights.'" *Molina*, 674 F.3d at 1118-1119 (quoting *Shinseki v. Sanders*, 556 U.S. 396, 407 (2009) (quoting 28 U.S.C. § 2111)).

| 1  | In this case, had the ALJ properly considered Dr. Curtis's June opinion, the RFC and the
| 2  | hypothetical questions posed to the vocational expert ("VE") may have included additional
| 3  | limitations. For example, the RFC and the hypothetical questions may have provided Plaintiff
| 4  | could sit for 2 hours and stand/walk for 2 hours in an 8-hour work day. *See* AR 1140. The RFC and
| 5  | hypothetical questions may have also stated Plaintiff needed a job that permits him to shift
| 6  | positions at will from sitting, standing, or walking. *See* AR 1140. The RFC and hypothetical
| 7  | questions did not contain these limitations. *See* AR 31, 125-138. Because the ultimate disability
| 8  | determination may have changed with proper consideration of Dr. Curtis's June opinion, the
| 9  | ALJ's error was not harmless and requires reversal.
| 10 | The ALJ is directed to re-evaluate Dr. Curtis's May and June opinions on remand.
| 11 | B.  Dr. Washburn
| 12 | Next, Plaintiff alleges the ALJ failed to provide a legally sufficient reason to discount
| 13 | medical opinion evidence from examining physician, Dr. Washburn. Dkt. 10, pp. 5-6.
| 14 | Dr. Washburn conducted a psychological evaluation of Plaintiff on January 15, 2014. AR
| 15 | 526-34. As part of his evaluation, Dr. Washburn conducted a diagnostic interview, a mental
| 16 | status examination, and other psychological testing, including a Wechsler Memory Scale IV test,
| 17 | Wechsler Adult Intelligence Scale IV test, and a trails making test. AR 526-34. Dr. Washburn
| 18 | also reviewed an Adult Function Report completed by Plaintiff. AR 526.
| 19 | After the evaluation, Dr. Washburn determined Plaintiff had "three coexisting
| 20 | conditions" that contribute to Plaintiff's emotional distress: (1) Plaintiff's "chronic and relatively
| 21 | intense pain due to damage to his back and feet"; (2) his "unresolved emotional trauma" from
| 22 | childhood abuse; and (3) his "lack of adequate basic academic skills." AR 531. Dr. Washburn
| 23 | further opined:
| 24 |

> [Plaintiff] does not have the cognitive skills needed to meet the requirement of full time gainful employment at this time. Before [Plaintiff] will be able to return to competitive employment he will need to be able to manage his pain more effectively and be able to learn skills that are needed for [sic] that does [sic] not require physical strength and endurance.

AR 531.

The ALJ discussed Dr. Washburn's opinion and provided four reasons for giving the opinion "little weight":

> (1) [Dr. Washburn] . . . opines that the claimant is not currently able to engage in gainful fulltime employment, but may be able to return to work if he is able to effectively manage his pain and learn new job skills that do not require physical strength and endurance. However, Dr. Washburn did not perform a physical evaluation on the claimant and is not qualified to opine on his physical functioning. (2) This portion of his opinion is based on the claimant's self-reporting of his subjective pain complaints, and is not supported by the medical records as discussed above. (3) Notably, the claimant did relatively well on mental status testing performed by Dr. Washburn, and scored in the borderline to low average range on formal testing. (4) Though he undoubtedly has some psychiatric limitations, the longitudinal history of the treatment records and Dr. Washburn's own evaluation of the claimant do not support a finding that he is completely unable to participate in gainful employment.

AR 39-40 (internal citations omitted) (numbering added).

First, the ALJ discounted the part of Dr. Washburn's opinion about Plaintiff's ability to manage his pain because Dr. Washburn did not perform a physical evaluation and is not qualified to opine to matters of physical functioning. AR 39. Dr. Washburn is a licensed psychologist who possesses a Ph.D., not a medical doctor. *See* AR 526. Accordingly, the ALJ could discount opinions from Dr. Washburn regarding Plaintiff's physical limitations. *See* 20 C.F.R. § 404.1527(c)(5) ("We generally give more weight to the opinion of a specialist about medical issues related to his or her area of specialty than to the opinion of a source who is not a specialist."). However, this reasoning is not applicable to Dr. Washburn's conclusions regarding Plaintiff's psychological conditions. *See Anderson v. Colvin*, 223 F.Supp.3d 1108, 1121-22 (D. Or. 2016)

(finding the ALJ erred in discounting a licensed psychologist's opinion regarding the claimant's psychological condition).

In this case, Dr. Washburn noted Plaintiff "will need to be able to manage his pain more effectively and be able to learn skills" that do not require physical strength and endurance before being able to return to gainful employment. AR 531. Nonetheless, the ALJ failed to explain how the fact that Dr. Washburn mentioned Plaintiff's pain management invalidated his findings about Plaintiff's psychological conditions and limitations, such as that Plaintiff lacks "the cognitive skills" to engage in employment, and needs to learn new skills. *See* AR 39, 531. Additionally, the ALJ fails to explain how Dr. Washburn's statement about Plaintiff's pain management reflects an opinion about a physical limitation and not a psychological or cognitive limitation. *See* AR 39. As such, this was not a specific, legitimate reason, supported by substantial evidence, for discounting Dr. Washburn's opinion.

Furthermore, mental status examinations and clinical interviews are "objective measures" which "cannot be discounted as a self-report." *See Buck v. Berryhill*, 869 F.3d 1040, 1049 (9th Cir. 2017). Here, in the mental status examination, Dr. Washburn observed Plaintiff displaying "some discomfort while seated." AR 528. Dr. Washburn also observed Plaintiff "had to get up to stand move around because of back discomfort." AR 528. Similarly, in the diagnostic interview, Plaintiff reported his medical history of back surgeries and pain to Dr. Washburn. AR 526-27. Because Dr. Washburn made objective observations relevant to Plaintiff's pain in the mental status examination and diagnostic interview, this was not a specific, legitimate reason, supported by substantial evidence, to discount this opinion. *See Buck*, 869 F.3d at 1049.

Next, the ALJ's second, third, and fourth reasons for discounting Dr. Washburn's opinion all lacked the specificity necessary to reject this opinion. In particular, the ALJ's statement that

Dr. Washburn's opinion was based on Plaintiff's self-reports and not supported by the record was conclusory because the ALJ failed to explain why she made these findings, or how these findings undermined Dr. Washburn's opinion. *See* AR 39. The ALJ likewise did not explain to which of the medical records "discussed above" she was referring. *See* AR 39. Additionally, the ALJ did not explain why it appeared Plaintiff "did relatively well" on Dr. Washburn's testing, or how Plaintiff's test results contradicted Dr. Washburn's opinion. *See* AR 39-40. The ALJ similarly failed to provide rationale for how Plaintiff's longitudinal treatment history undermines Dr. Washburn's opinion. *See* AR 39-40. Hence, given the ALJ's lack of explanation and clear citation to the record, the ALJ's final reasons for discounting Dr. Washburn's opinion were insufficient, as they were vague and conclusory. *See Garrison*, 759 F.3d at 1012-13 (an ALJ errs when she assigns a medical opinion "little weight while . . . asserting without explanation that another medical opinion is more persuasive, or criticizing it with boilerplate language that fails to offer a substantive basis for [her] conclusion"); *see also Blakes v. Barnhart*, 331 F.3d 565, 569 (7th Cir. 2003) (citations omitted) ("We require the ALJ to build an accurate and logical bridge from the evidence to her conclusions so that we may afford the claimant meaningful review of the SSA's ultimate findings.").

In all, the ALJ failed to provide any specific and legitimate reason, supported by substantial evidence in the record, to discount Dr. Washburn's opinion. Therefore, the ALJ erred. The RFC and hypothetical questions posed to the VE may have contained additional limitations with proper consideration of Dr. Washburn's opinion. As the ultimate disability decision may have changed, the ALJ's error is not harmless. *See Molina*, 674 F.3d at 1115. The ALJ is directed to re-evaluate Dr. Washburn's opinion on remand.

| | |
|---|---|
| 1 |     C.  <u>Drs. Thompson, Bierman, Donahue, and Lewis</u> |
| 2 | Plaintiff also alleges the ALJ erred in giving great weight to medical opinion evidence |
| 3 | from Drs. Thompson, Bierman, Donahue, and Lewis. Dkt. 10, pp. 6-11, 15-16. |
| 4 | The Court has determined the ALJ committed harmful error in assessing the medical |
| 5 | opinions from Drs. Curtis and Washburn, and directed the ALJ to properly consider these |
| 6 | opinions on remand. *See* Sections I. A.-B., *supra*. Since reconsideration of Dr. Curtis's and Dr. |
| 7 | Washburn's opinions may alter the ALJ's assessment of the opinion evidence from Drs. |
| 8 | Thompson, Bierman, Donahue, and Lewis, the Court directs the ALJ to reassess these opinions |
| 9 | as necessary on remand.[4] |

**II.  Whether the ALJ properly assessed Plaintiff's subjective symptom testimony.**

Plaintiff contends the ALJ failed to provide any specific, clear and convincing reason to reject Plaintiff's subjective symptom testimony. Dkt. 10, pp. 16-23.

Because Plaintiff will be able to present new evidence and testimony on remand, and because proper consideration of the medical opinion evidence may impact the ALJ's assessment of Plaintiff's subjective symptom testimony, the Court declines to consider whether the ALJ erred with respect to Plaintiff's testimony. Instead, the Court directs the ALJ to reweigh Plaintiff's subjective symptom testimony as necessary on remand.

**III.  Whether the RFC and Step Five findings are supported with substantial evidence in the record.**

Lastly, Plaintiff argues the ALJ erred by failing to properly assess the RFC and Step Five findings. Dkt. 10, pp. 23-24.

---

[4] Plaintiff, in the Opening Brief, summarizes other medical evidence in the record. *See* Dkt. 10, pp. 11-15. However, Plaintiff fails to allege any particularized error with respect to this evidence. *See id.* As such, the Court does not consider whether these ALJ properly considered these opinions. *See Carmickle*, 533 F.3d at 1161 n.2 (the court will not consider an issue that a plaintiff fails to argue "with any specificity in his briefing").

The Court has found the ALJ committed harmful error in her assessment of Dr. Curtis's and Dr. Washburn's opinions, and has directed the ALJ to reassess these opinions and Plaintiff's testimony on remand. *See* Sections I.-II., *supra*. Therefore, the ALJ is directed to reassess the RFC on remand. *See* SSR 96-8p, 1996 WL 374184 (1996) (an RFC "must always consider and address medical source opinions"); *Valentine v. Comm'r of Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009) ("an RFC that fails to take into account a claimant's limitations is defective"). As the ALJ must reassess Plaintiff's RFC on remand, the ALJ is further directed to re-evaluate Step Five to determine whether there are jobs existing in significant numbers in the national economy Plaintiff can perform in light of the RFC. *See Watson v. Astrue*, 2010 WL 4269545, at *5 (C.D. Cal. Oct. 22, 2010) (finding the RFC and hypothetical questions posed to the VE defective when the ALJ did not properly consider two doctors' findings).

**IV.     Whether an awards of benefits is warranted.**

Lastly, Plaintiff requests the Court remand his claim for an award of benefits. Dkt. 10, pp. 24-25.

The Court may remand a case "either for additional evidence and findings or to award benefits." *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996). Generally, when the Court reverses an ALJ's decision, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) (citations omitted). However, the Ninth Circuit created a "test for determining when evidence should be credited and an immediate award of benefits directed." *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000). Specifically, benefits should be awarded where:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting [the claimant's] evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record

that the ALJ would be required to find the claimant disabled were such evidence credited.

*Smolen*, 80 F.3d at 1292.

In this case, the Court has directed the ALJ to re-evaluate medical opinion evidence, Plaintiff's subjective symptom testimony, the RFC, and the Step Five findings. *See* Sections I.–III., *supra*. Because outstanding issues remain regarding the medical opinion evidence, the RFC, and Plaintiff's ability to perform jobs existing in significant numbers in the national economy, remand for further consideration of this matter is appropriate.

## CONCLUSION

Based on the foregoing reasons, the Court hereby finds the ALJ improperly concluded Plaintiff was not disabled. Accordingly, Defendant's decision to deny benefits is reversed and this matter is remanded for further administrative proceedings in accordance with the findings contained herein. The Clerk is directed to enter judgment for Plaintiff and close the case.

Dated this 19th day of September, 2018.

David W. Christel
United States Magistrate Judge