UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| PHILIP B. MORTON III,<br><br>               Plaintiff,<br><br>    v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>               Defendant. | CASE NO. 2:17-CV-01703-DWC<br><br>ORDER ON MOTION FOR ATTORNEY'S FEES |

Plaintiff filed "Plaintiff's Motion for Attorney's Fees, Cost[s], and Expenses Pursuant to 28 U.S.C. § 2412" ("Motion"), seeking attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"). Dkt. 23. Defendant objects to the Motion, contending the amount of hours expended in this case was excessive and therefore the requested fee award is unreasonable. Dkt. 24.

The Court concludes the amount of attorney hours expended in this case was unreasonable. Accordingly, Plaintiff's Motion is granted-in-part. The fee request is approved at $9,100.00, with expenses in the amount of $6.68 and costs in the amount of $400.00, for a total award of $9,506.68.

## BACKGROUND

On September 19, 2018, the Court found the administrative law judge ("ALJ") erred in her assessment of two medical opinions. Dkt. 20. The Court found the ALJ's errors harmful, reversed the ALJ's decision, and remanded the case to the Social Security Administration ("Administration") for further consideration pursuant to sentence four of 42 U.S.C. § 405(g). *Id.*; *see also* Dkt. 21.

On December 17, 2018, Plaintiff filed the Motion. Dkt. 23. Defendant filed a Response on December 28, 2018. Dkt. 24. On January 4, 2019, Plaintiff filed a Reply. Dkt. 25.

## DISCUSSION

In any action brought by or against the United States, the EAJA states "a court shall award to a prevailing party other than the United States fees and other expenses . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). According to the United States Supreme Court, "the fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended." *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). The government has the burden of proving its positions overall were substantially justified. *Hardisty v. Astrue*, 592 F.3d 1072, 1076 n.2 (9th Cir. 2010) (citing *Flores v. Shalala*, 49 F.3d 562, 569-70 (9th Cir. 1995)). Further, if the government disputes the reasonableness of the fee, it "has a burden of rebuttal that requires submission of evidence to the district court challenging the accuracy and reasonableness of the hours charged or the facts asserted by the prevailing party in its submitted affidavits." *Gates v. Deukmejian*, 987 F.2d 1392, 1397-98 (9th Cir. 1992) (citations omitted). The Court has an independent duty to review the submitted itemized log of hours to determine the reasonableness of hours requested in each case. *See Hensley*, 461 U.S. at 433, 436-37.

In this matter, Plaintiff was the prevailing party because he received a remand of the matter to the Administration for further consideration. *See* Dkts. 20, 21. Further, Defendant does not contend her position was substantially justified. *See* Dkt. 24. The Court therefore finds Plaintiff entitled to a reasonable attorney's fee award under the EAJA.

Defendant does, however, object to the reasonableness of Plaintiff's fee request. *See* Dkt. 24. Once the Court determines a plaintiff is entitled to a reasonable fee, "the amount of the fee, of course, must be determined on the facts of each case." *Hensley*, 461 U.S. at 429, 433 n.7. "When the district court makes its award, it must explain how it came up with the amount. The explanation need not be elaborate, but it must be comprehensible. As *Hensley* described it, the explanation must be 'concise but *clear*.'" *Moreno v. City of Sacramento*, 534 F.3d 1106, 1111 (9th Cir. 2008) (emphasis in original, citations omitted). "[T]he most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate," which encompasses the lodestar method.[1] *Hensley*, 461 U.S. at 433, 435.

Here, Plaintiff requests 73 hours of time that his attorney, Mr. Eitan Yanich, and Mr. Yanich's paralegal, Mr. Remi Tanori, spent on this case.[2] *See* Dkts. 23, 23-3. This time includes 48.7 collective hours Mr. Yanich and Mr. Tanori spent drafting the Opening Brief, and 13.3

---

[1] Relevant factors which may be considered are identified in *Johnson v. Georgia Highway Exp., Inc.*, 488 F.2d 714 (5th Cir. 1974), as: (1) The time and labor involved; (2) the novelty and difficulty of the questions involved; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent: (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10); the 'undesirability' of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Johnson*, 488 F.2d at 717-19 (citations omitted); *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975) (adopting *Johnson* factors).

[2] Although Mr. Yanich and Mr. Tanori expended a total of 78 hours on this case, Plaintiff applied a "[b]illing judgment reduction" of 5 hours to Mr. Tanori's time. *See* Dkt. 23-2, p. 3; Dkt. 23-3, p. 2.

hours spent drafting the Reply Brief.[3] *See* Dkt. 23-3. In total, Mr. Yanich and Mr. Tanori spent 62 hours preparing briefing in this case. *See id.* Mr. Yanich and Mr. Tanori expended the remaining time conducting file review, communicating with the client, and engaging in case administrative details. *See id.* Plaintiff also requests $6.68 in expenses and $400 in costs, neither of which Defendant contests. Dkts. 23, 23-3; *see also* Dkt. 24.

Defendant argues the Court should reduce the time Plaintiff's counsel spent drafting the Opening Brief in half – that is, by 6 attorney hours for Mr. Yanich and 16.6 paralegal hours for Mr. Tanori – for a total reduction of 22.6 hours. Dkt. 24, p. 4. Defendant acknowledges the administrative record in this case is "longer than usual, at over 2,600 pages." *Id.* at 2. Nonetheless, Defendant contends the hours expended on this case were unreasonable because nearly 1,000 pages of medical evidence were rendered prior to the alleged onset date of disability, and the issues in the case "were neither complex nor novel." *Id.* at 2-4. Defendant also asserts the time Plaintiff's counsel spent on briefing was unreasonable given that half of the pages in the Opening Brief contained factual background and "no law" or "analysis." *Id.* at 3-4. Plaintiff responds that the time expended on this case was reasonable given the results Plaintiff's counsel achieved and the lengthy record. *See* Dkt. 25, pp. 1-5.

In light of counsel's arguments, the most pertinent factors in this case for determining the reasonableness of the hours expended are: (1) awards in similar cases; and (2) the novelty and difficulty of the questions involved in this case. *See Hensley*, 461 U.S. at 429-30 n.3; *Johnson v. Georgia Highway Exp., Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974).

---

[3] While Plaintiff did not specify to which task he applied the 5-hour billing judgment reduction, Defendant presumes Plaintiff applied it to time Mr. Tanori spent drafting the Opening Brief. *See* Dkt. 24, p. 4. Thus, the Court also applies the 5-hour reduction time spent on this task. *See* Dkt. 24, p. 4.

ORDER ON MOTION FOR ATTORNEY'S FEES - 4

First, attorney's fee awards in other social security disability cases from this district show the administrative record in this case was lengthier than a typical record; nevertheless, the hours expended drafting the Opening Brief far exceeded the amount of time spent in other cases. *See, e.g.*, *Scott v. Berryhill*, Case No. 3:18-cv-5409 (W.D. Wash.) (942 page record and 10.4 hours to research and draft opening brief); *Hamilton v. Berryhill*, 3:17-cv-5493-RAJ (W.D. Wash.) (3,982 page record, with 21.2 hours to review record and draft opening brief); *Wood v. Berryhill*, 3:17-cv-5430-RJB (W.D. Wash.) (record of 1600 pages, and 15.8 hours reviewing record and drafting opening brief); *Dunbar v. Comm'r of Soc. Sec. Admin.*, 3:16-cv-5918, 2018 WL 1994063, at *2 (W.D. Wash. Apr. 27, 2018) (878 page record, with 28.1 hours drafting opening brief); *Fisher v. Colvin*, Case No. 2:15-CV-716-DWC (W.D. Wash.) (1,434 page record and 7 hours to review and draft opening brief); *Givens v. Colvin*, Case No. 3:15-CV-5199-DWC (W.D. Wash.) (record of 920 pages, 26.9 hours to prepare an opening brief); *Spencer v. Colvin*, Case No. 2:15-CV-20-JRC (W.D. Wash.) (transcript of 983 pages, with fee petition requesting 15.7 hours for file review and drafting opening brief).

The mean record length in the above collected cases was 1,534 pages. The Court recognizes the record in this case was 1.7 times lengthier – at 2,651 pages – than the mean record length in the above cases. But the mean time spent drafting opening briefs in the above cases was 17.9 hours, whereas Plaintiff requests fees for nearly three times as much time – 48.7 hours – that his counsel spent preparing the Opening Brief. Additionally, as explained in further detail below, the length of the record here did not result in complex or unusual issues. Hence, though the record length was lengthier than in other social security disability cases, the time Mr. Yanich and Mr. Tanori spent preparing the Opening Brief far exceeded the time spent for the same task in other cases considered by this Court.

Second, the questions in this case were not novel or complex. Plaintiff presented three assignments of error in his Opening Brief, alleging the ALJ erred in assessing: medical opinion evidence, Plaintiff's credibility, and Plaintiff's RFC (and thus, the Step Five finding). *See* Dkt. 10. These issues are commonly raised in Social Security cases and should require less time on legal research to effectively litigate. Moreover, while the Court notes Plaintiff's counsel considers it effective to provide a chronological summary of the medical evidence in the briefing – and did in fact include such a summary in the briefing in this case – such briefing was not justified by the novelty or complexity of the issues in this case.

The Court concludes the amount of time expended on this case was unreasonable. Plaintiff requested a total of 73 attorney and paralegal hours, of which they spent 48.7 hours preparing the Opening Brief. Dkt. 23-3, pp. 1-2. The amount of time incurred in preparing the Opening Brief was far greater than the amount typically incurred in social security disability cases, even when accounting for the lengthy record. Furthermore, while the record in this case was lengthier than in other cases, the facts and arguments made by counsel were not unusual nor complex. The Court therefore finds the total hours expended on the Opening Brief and the overall total fee request of $10,726.07 excessive and unreasonable. The Court further finds a reasonable total attorney's fee award for this case is $9,100.00.

## CONCLUSION

For the above stated reasons, the Court hereby grants Plaintiff's Motion (Dkt. 23) as follows:

Plaintiff is awarded expenses in the amount of $6.68.

Plaintiff is awarded costs in the amount of $400.00.

Plaintiff is awarded $9,100.00 in attorney's fees, for a total award of $9,506.68, to the EAJA and consistent with *Astrue v. Ratliff*, 560 U.S. 586 (2010).

The Acting Commissioner shall contact the Department of Treasury to determine if the EAJA Award is subject to any offset. If the U.S. Department of the Treasury verifies to the Office of General Counsel that Plaintiff does not owe a debt, the government shall honor Plaintiff's assignment of EAJA Award and pay the EAJA Award directly to Eitan Yanich, Plaintiff's counsel. If there is an offset, any remainder shall be made payable to Plaintiff, based on the Department of the Treasury's Offset Program and standard practices, and the check shall be mailed to Plaintiff's counsel, Eitan Yanich, Law Office of Eitan Yanich, PLLC, at 203 Fourth Avenue E., Suite 321, Olympia, WA 98501.

Dated this 16th day of January, 2019.

David W. Christel
United States Magistrate Judge